

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2007

# USA v. Levine

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

### Recommended Citation

"USA v. Levine" (2007). *2007 Decisions*. Paper 1361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1761
_____

UNITED STATES OF AMERICA

v.

JOE NATHAN LEVINE,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cr-00480)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2007

Before: FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed April 4, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Joe Nathan Levine appeals the order of the United States District Court for the District of New Jersey sentencing him to imprisonment[1] and requiring that he pay restitution. Specifically, Levine argues that the restitution order, which relied on facts not established by a jury at trial or admitted by him, violated the rule established in the Supreme Court cases of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakley v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The government, however, has moved for summary affirmance of the District Court's order, relying on our recent en banc decision in *United States v. Leahy*, 438 F.3d 328 (3d Cir. 2006). For the following reasons, we will grant the government's motion.

I.

On October 17, 2003, Levine agreed to plead guilty to one count of conspiring "to utter and possess forged securities of organizations, namely personal checks of multiple institutions, contrary to 18 U.S.C. § 513(a), in violation of 18 U.S.C. § 371."

---

[1] Levine's Opening Brief challenged his sentence of imprisonment on two grounds: that the District Court improperly used a sentence enhancement that first appeared in a United States Sentencing Guidelines Manual published after the end of the conspiracy to which he pleaded guilty, and that the District Court improperly increased his sentence because of the amount of loss to the victims even though that loss figure was based on facts that were not admitted by him or proved to a jury. However, on June 8, 2006, Levine filed a motion to withdraw both of these arguments, because his sentence of imprisonment had expired, and to rely solely on his Supplemental Brief. We construe this motion as a motion to strike. Levine's motion will be granted, and we will only address the argument he has raised in his Supplemental Brief.

During Levine's plea hearing, the prosecutor questioned Levine only on the facts of the offense, and asked no questions regarding the amount of loss sustained as a result of the offense. In a subsequent sentencing hearing, the District Court sentenced Levine to a term of thirty-five months in prison, and ordered him to pay restitution in the amount of $133,713.50.

## II.

In *United States v. Booker*, the Supreme Court reaffirmed its holding in *Apprendi v. New Jersey*, stating that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. Levine asserts that the rule announced in *Apprendi* and *Booker* must apply to restitution orders, and that the District Court's restitution order was thus improper because the government did not establish the appropriate amount of restitution through his admission or by proof to a jury beyond a reasonable doubt.

We recently addressed this issue in our en banc decision in *United States v. Leahy*, wherein we stated that "because, in our view, restitution ... is not the type of criminal punishment that evokes Sixth Amendment protection under *Booker*, we conclude that the amount a defendant must restore to his or her victim need not be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Leahy*, 438 F.3d at 331.

3

Levine admits that his arguments are directly contrary to our decision in *Leahy*, and that he is asking this Court to reconsider its decision in that case. Because we are bound by the en banc decision in *Leahy*, which directly controls this case, we will grant the government's motion for summary affirmance.

III.

For the foregoing reasons, Levine's Motion to Strike his Opening Brief and Rely solely on his Supplemental Brief will be granted, and the government's Motion for Summary Affirmance will be granted.